## Case No. 15,874.

UNITED STATES v. NEW YORK, N. H. & H. R. CO.

[10 Ben. 144;[1] 24 Int. Rev. Rec. 341.]

District Court, S. D. New York. Oct., 1878.

INTERNAL REVENUE — DISTRICTS — JURISDICTION.

Under Rev. St. U. S. § 733. which is a re-enactment of the 41st section of the act of June 30. 1864 (13 Stat. 239). as amended by the 9th section of the act of July 13, 1866 (14 Stat. 111), and which provides that "taxes accruing under any law providing internal revenue may be sued for and recovered, either in the district where the liability for such tax occurs or in the district where the delinquent resides," a suit will not lie to recover such tax in a district other than that in which the tax accrues or that in which the delinquent resides. although he may be found and served with process therein.

Mr. Hill, Asst. U. S. Dist. Atty.

H. C. Robinson, for defendant.

CHOATE, District Judge. This is a suit brought to recover a tax alleged to have ac-

[1] [Reported by Robert D. Benedict, Esq.. and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

crued against the defendant, a railroad corporation, in the year 1864, under the act of June 30, 1864 (13 Stat. 275). The defendant pleads to the jurisdiction that the tax, if any is due, accrued in the district of Connecticut, and that the defendant is not a New York corporation, but incorporated under the laws of Connecticut, and not a resident of this district. To this plea the plaintiff demurs.

The question raised is whether a suit for this tax can be brought in a district, other than that where the defendant resides or where the tax accrues, or whether it can also be brought in the district where the defendant shall be personally served. It is conceded by the learned counsel for the defendant that under the judiciary act of 1789, c. 20, § 11,—Rev. St. § 739 [1 Stat. 73],—which prohibits the bringing of a civil suit against an inhabitant of the United States "in any other district than that of which he is an inhabitant, or in which he is found at the time of serving the writ," a corporation may be sued out of its domicile, if found in another district; and the defendant does not contend that this defendant was not "found" within this district within the meaning of that section. The claim of the defendant is that by Rev. St. § 733, the plaintiff is restricted to the district where the tax accrues and the district where the defendant resides for the purpose of this action. That section is as follows: "Taxes accruing under any law providing internal revenue, may be sued for and recovered either in the district where the liability for such tax occurs, or in the district where the delinquent resides." In the absence of any statute regulation as to the courts where such a suit is to be brought, no doubt the United States could sue in any district where the defendant could be found. And it is argued on behalf of the plaintiff that the language of section 733 is permissive, merely, and not restrictive, the words being "may be sued for," etc., and that the section adds another district in which the suit may be brought, namely, that in which the tax accrues, to those in which under the general terms of section 739 it could otherwise alone be brought, namely, those in which the defendant resides or can be found. Section 733 is a re-enactment of part of the 41st section of the act of June 30, 1864 (13 Stat. 239), as amended by the 9th section of the act of July 13, 1866 (14 Stat. 111).

The act of 1864 (chapter 173, § 41) provided as follows: "That it shall be the duty of the collectors aforesaid or their deputies, in their respective districts, and they are hereby authorized, to collect all the duties and taxes imposed by this act, however the same may be designated, and to prosecute for the recovery of any sum or sums which may be forfeited by virtue of this act, and all fines, penalties and forfeitures which may be incurred or imposed by virtue of this act, shall be sued for and recovered in the name of the United States in any proper form of action, or by any appropriate form of proceeding, qui tam, or otherwise, before any circuit or district court of the United States, for the district within which said fine, penalty or forfeiture may have been incurred, or before any other court of competent jurisdiction." It will be observed that under this statute no special provision was made as to the district in which suits for taxes should be brought; such suits were therefore liable to be brought and could be only brought in the district where the defendant resided or in the district where he was found, while suits for fines might be brought in the district where the fine was incurred, and also "in any other court of competent jurisdiction," which included certainly a circuit or district court of the United States for the district where the offender might be found. Section 41 of the act of 1864 was amended by the act of 1866 so as to read as follows (page 111): "That it shall be the duty of the collectors aforesaid, or their deputies, in their respective districts, and they are hereby authorized to collect all the taxes imposed by law, however the same may be designated, and to prosecute for the recovery of any sum or sums which may be forfeited by law; and all fines, penalties and forfeitures which may be incurred or imposed by law shall be sued for and recovered in the name of the United States in any proper form of action or by any appropriate form of proceeding, qui tam or otherwise, before any circuit or district court of the United States for the district within which said fine, penalty or forfeiture may have been incurred, or before any other court of competent jurisdiction. And taxes may be sued for and recovered in the name of the United States in any proper form of action before any circuit or district court of the United States for the district within which the liability to such tax may have been or shall be incurred, or where the party from whom such tax is due may reside at the time of the commencement of said action." A provision as to suits for fines, penalties and forfeitures differing only in some unimportant respects was also made by the 179th section of the act of 1864 (13 Stat. 305), in connection with a provision imposing on collectors the duty of collecting such fines, etc. And this also was verbally amended by the act of 1866 (14 Stat. 145), but not in any particular varying its terms in respect to the courts having jurisdiction of suits and proceedings therefor.

A comparison of these two statutes shows, I think, that the purpose of amending the statute was to restrict the plaintiff in a suit for taxes to the two districts, that in which the tax accrues and that in which the defendant resides. Some change in the mode of collecting fines or taxes was intended by this amendment. In the original act the collectors are required to collect taxes, but no court was specified to which they are to resort. In the amending act, fines are still to be sued for in the circuit or district court of

the United States, for the district where the fine is incurred or in any other court of competent jurisdiction, the same as before. The change made is, by adding the provision as to taxes, that suits may be brought in the district where the liability for the tax is incurred or in the district where the defendant resides. Now if the purpose of this amendment had been merely to allow the United States to sue for a tax in the district where the liability was incurred, that purpose would have been well expressed by simply providing that the suit may be brought in that district. The language being in form permissive only, the United States would seem not, by that language, to be restricted from suing in any other district in which, by the existing law, it could already sue, namely, the district where the defendant resides or the district where he may be found; and if it was the purpose of this language, as claimed on the part of the United States, to confer a new right as to the place of suit, the words "or where the party, etc., resides," are wholly unnecessary and unmeaning. They are unnecessary because the right to sue thus conferred already existed; they are unmeaning because the existing alternative right to sue thus referred to, if it be supposed that it was intended to express by these words the existing alternative right, is only half expressed by the language used. The words are not apt nor broad enough to be supposed to have been used ex majore cautela to guard against the possible construction that the liberty to sue in the district where the tax accrues was intended to be exclusive, and the only place in which suit could be brought, and so that these added words were intended to save existing rights to sue. This is obviously not the intention, because the words used plainly express a distinct part and only a part of the existing right as to the place in which the suit may be brought, that right as then existing embracing, besides the district where defendant resides, the district also where he may be found. But words thus introduced into a statute, particularly by way of amendment, must be held to have been deliberately used and to have some force and meaning; and the only construction that can be put on these words, as it seems to me, to give them any sensible meaning or application, is that they are restrictive, limiting the right to sue to the district where the defendant resides, and the district where the tax accrues,—that they were intended to regulate the whole matter of the place of such suits. It seems impossible to give the words any proper force or to account for their being introduced into the statute on any other theory. Further support is given to this view by the juxtaposition of the two provisions, one as to fines, the other as to taxes. In the one the language used in the alternative to the new right given, is "any other court of competent jurisdiction," which includes the district where the offender can be found. Immediately follows the provision as to taxes. And different language is used for a similar alternative provision. It must be assumed that this difference of language was intended, and that the purpose had in view in using the expression employed as to suits for taxes would not have been effected by using the same language adopted as to fines. Such marked differences in language used for a similar purpose in the same act and the same section, cannot be held to have been accidental.

Moreover, it may well have been thought that the privilege given to the government to sue for a tax in the district where the tax accrues, and in the district where the defendant resides, afforded ample and convenient means of collecting the tax, and that it was unnecessary to preserve the right to sue, also, in the district where the defendant may be found. There seems to be nothing unreasonable in this arrangement as to suits for taxes, while as to suits for fines, penalties and forfeitures it has been thought wise to preserve to the government all existing rights to sue, while specially granting the new right to sue where the fine, penalty or forfeiture was incurred.

These provisions of the act of 1866 were embodied in sections 732 and 733 of the Revised Statutes with a change of form, but hardly of substance, as to suits for fines. Section 732 provides that suits for fines, etc., may be brought in the district where they accrue or in the district where the offender is found. And by section 733, as above cited, suits for taxes may be brought in the district where the tax accrues, or in that where the defendant resides. Thus the revisers appear to have indicated their understanding that the distinction in the act of 1866 was an intended difference in the two cases, by preserving the same distinction of language in the revision. Certainly this re-enactment detracts nothing from the reasons in favor of holding that the words were used in a restrictive sense in the act of 1866. And the presumption is against any change being intended by the substantial re-enactment of these two clauses taken from that section of the act of 1866, in these two sections of the Revised Statutes.

Demurrer overruled and judgment for defendant.